**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WINBURN TILE MANUFACTURING COMPANY, Respondent.**

No. 80–1794.

United States Court of Appeals, Eighth Circuit.

Submitted June 19, 1981.

Decided Oct. 15, 1981.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

John D. Davis, Coleman, Gantt, Ramsay & Cox, Pine Bluff, Ark., for respondent.

Before HENLEY and McMILLIAN, Circuit Judges, and COLLINSON,* Senior District Judge.

HENLEY, Circuit Judge.

This case is before the court on application of the National Labor Relations Board for enforcement of its order against Winburn Tile Manufacturing Company (the Company), based on a finding that the

---

* The Honorable William R. Collinson, United States Senior District Judge, Western District of Missouri, sitting by designation.

Company violated Section 8(a)(1) and (5) of the National Labor Relations Act of 1947 (the Act), as amended, 29 U.S.C. § 151 *et seq.*, by refusing to bargain with the Oil, Chemical and Atomic Workers International Union (the Union). The Company admits its refusal to bargain, but contends that the refusal does not constitute an unfair labor practice because the representation proceedings were improperly conducted.

A representation election was conducted by secret ballot on July 3, 1979 at the Company's Little Rock, Arkansas, location. The result was 61 votes for the Union and 57 against. One ballot was void and eight ballots were challenged, three by the Company and five by the Union, a sufficient number to affect the results of the election.

A Regional Director conducted an ex parte administrative investigation and at least some evidentiary material was submitted by both sides. On August 15, 1979 the Director issued a report recommending that the Company's three challenges be sustained. With respect to the Union's challenges, the Regional Director recommended that the objections to the ballots of Albert James and Harvey Hall be sustained based on a finding that James and Hall were supervisors. It was further recommended that two of the Union's other challenges be overruled, thus leaving the Union with a two-vote margin and rendering moot the Union's fifth challenge of Aubrey Bean's ballot. The Company filed exceptions to the Regional Director's report and requested a hearing on the eligibility of Bean, James and Hall.

On December 12, 1979 the Board adopted the Regional Director's findings and recommendations, and certified the Union. In denying the Company's request for a hearing, the Board stated that the Company had raised no material or substantial factual issues which would warrant reversal of the Regional Director's recommendations. The Company refused to bargain, and on February 5, 1980 a complaint was filed charging the Company with unfair labor practices in violation of Section 8 of the Act. The Company filed a timely answer challenging the representation proceeding and requesting a hearing. The Board held that the Company was not entitled, in the absence of newly discovered evidence, to raise issues which had been considered by the Regional Director in the Section 9 representation proceeding. Finding no indication of newly discovered evidence, the Board granted summary judgment and issued the order it now seeks to enforce. In resisting enforcement, the Company asserts that it is entitled to a hearing on its objections to the representation proceedings. We agree.

■ We do not dispute the Board's statement that an issue which has been fully litigated in a representation proceeding may not be relitigated in a subsequent unfair labor practice proceeding absent new evidence. *Pittsburgh Plate Glass Co. v. NLRB*, 313 U.S. 146, 162, 61 S.Ct. 908, 917, 85 L.Ed. 1251 (1941). The Board's reliance on *Pittsburgh Plate Glass* in the present case, however, is misplaced. In *Pittsburgh Plate Glass*, there was a full evidentiary hearing in the representation proceeding. The Supreme Court emphasized the employer's opportunity to introduce evidence, call witnesses and cross-examine the other party's witnesses, and concluded that "a single trial of the issue was enough." *Id.* at 162, 61 S.Ct. 917.

■ In contrast to *Pittsburgh Plate Glass*, there was no evidentiary hearing in the present case, either during the representation proceeding or the unfair labor practice proceeding. The ex parte procedure used in this case "falls far short of any litigated proceeding standard." *NLRB v. Commercial Letter, Inc.*, 455 F.2d 109, 113 (8th Cir. 1972).[1] Furthermore, "[d]ue process demands that the right to a hearing on an unfair labor practice, granted by the National Labor Relations Act, not be circumvented by the ex parte investigatory proceedings established in the Board regu-

---

1. The Board's order in *Commercial Letter* was subsequently enforced after a full evidentiary hearing on remand to the Board. *NLRB v. Commercial Letter, Inc.*, 496 F.2d 35 (8th Cir. 1974).

lations for the certification proceedings." *NLRB v. Commercial Letter, Inc.*, 455 F.2d at 114. We therefore find that *Pittsburgh Plate Glass* is not controlling in the present case. *See Linn Gear Co. v. NLRB*, 608 F.2d 791, 793 (9th Cir. 1979).

It does not necessarily follow, however, that summary judgment was improperly granted. The Company must still show that it was entitled to a hearing. The right to a hearing is established if "the requesting party [raises] substantial or material issues which, if proved, would warrant setting aside the election." *Beaird-Poulan Division, Emerson Elec. Co. v. NLRB*, 571 F.2d 432, 434 (8th Cir. 1978). The test for determining whether material factual issues exist has been set forth in *NLRB v. Griffith Oldsmobile, Inc.*, 455 F.2d 867 (8th Cir. 1972).

> It is incumbent upon the party seeking a hearing to clearly demonstrate that factual issues exist which can only be resolved by an evidentiary hearing. . . . Mere disagreement with the Regional Director's reasoning and conclusions do[es] not raise 'substantial and material factual issues.' . . . To request a hearing a party must, in its exceptions, define its disagreements and make an offer of proof to support findings contrary to those of the Regional Director.

455 F.2d at 868–69, *quoting NLRB v. Tennessee Packers, Inc., Frosty Morn Division*, 379 F.2d 172, 178 (6th Cir.), *cert. denied*, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967).

The Board asserts that the Company, in its exceptions to the Regional Director's report, failed to state specific controverted findings and offered no proof to support contrary findings, but merely questioned the Director's conclusions and inferences. Upon a careful reading of the record, we conclude that respondent has raised precisely the types of material issues warranting a hearing.

The Regional Director's report stated that James and Hall work in Winburn's vinyl division, which is housed in a separate building about one-fourth mile from the other buildings. The division employs twenty-seven people. The plant manager, Tyson Meneley, stated in his affidavit that because the plant is large, he relies on Hall and James to show new employees what to do and to perform certain other tasks.

As stated earlier, James' and Hall's ballots were challenged on the basis of their alleged status as supervisors. The Act defines supervisor as:

> any individual having the authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11). The Company asserts that Hall and James were "leadmen" rather than supervisors; that is, they only had authority over routine matters and were not authorized to exercise independent judgment. The Board, however, adopted the Regional Director's conclusion that Hall and James were supervisors within the meaning of the Act.

Critical to the Regional Director's conclusion that Hall and James were supervisors were a number of factual determinations concerning James' and Hall's authority to perform the functions of a supervisor as defined by the Act. For example, although not specifically stated, the Director apparently found that Hall and James effectively recommended pay increases for certain employees. However, the Company took exception to this finding and offered proof that all employees automatically received raises after a six-week probationary period regardless of any unsolicited recommendations by Hall and James, and that any other raises were made on the basis of the plant manager's independent judgment.

The Regional Director also apparently found that Hall and James could effectively recommend discipline of employees. In taking exception to this finding the Company offered proof that on two occasions Hall's

recommendations of discipline were not followed. The Company further objects that it was not given an opportunity to respond to allegations involving James' authority to discipline employees, and asserts that any disciplinary action was based on the independent judgment of Meneley, the plant manager.

In response to the Regional Director's finding that Hall and James could direct or assign the employees, the Company contends that any direction given was with respect to routine repetitive tasks and that no assignments were made without Meneley's authorization. The Company further asserts that Hall and James could not grant time off without Meneley's approval, nor were they authorized to initial time cards.

Several other specific findings by the Regional Director were controverted by the Company and several cases were cited which, if the Company's factual allegations are correct, would support a finding that Hall and James were not supervisors. *See, e. g., NLRB v. Security Guard,* 384 F.2d 143 (5th Cir. 1967); *Westlake United Corp.,* 236 N.L.R.B. No. 139, 98 L.R.R.M. 1376 (1978).

Although the Company disagrees with the Regional Director's conclusion that Hall and James are supervisors, it is not true, as the Board argues, that the Company's disagreements are limited to the Director's inferences and conclusions. The Company has specifically controverted the subsidiary factual determinations made by the Regional Director and has offered proof which, if true, would rebut the evidence presented by the Union. It is clear that the determination of James' and Hall's status required the Director to resolve these material factual disputes and credibility conflicts. "[T]his court has held that the company must be afforded the opportunity to produce evidence that might rebut testimony of union witnesses or at least subject those witnesses to the 'cleansing rigors of cross-examination.'" *Beaird-Poulan v. NLRB,* 571 F.2d at 434, *quoting NLRB v. Commercial Letter, supra.* In contrast to the present case, *see NLRB v. Griffith Oldsmobile, Inc., supra,* wherein the only evidence presented

was by the Company, and the "sole question for the Director was, therefore, what inferences and conclusions could be drawn from their testimony." 455 F.2d at 869.

The Board's adoption of the Regional Director's findings and recommendations in the representation proceeding effectively foreclosed the Company's right to a hearing under Section 9. The only choice at that point was to refuse to bargain and raise the issues in defense of a Section 8 unfair labor practice proceeding. *See NLRB v. Skelly Oil Co.,* 473 F.2d 1079 (8th Cir. 1973). Upon a careful examination of the record, we find that the Company has raised material and substantial factual issues entitling it to a hearing.

We therefore deny enforcement of the Board's order and remand to the Board for an evidentiary hearing.