**GARLOCK EQUIPMENT COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 82–2117.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 17, 1983.

Decided June 7, 1983.

As Amended June 7, 1983.

Robert L. Hobbins, Minneapolis, Minn., for petitioner.

Allison W. Brown, Jr., Attorney, N.L.R.B., Washington, D.C., for respondent.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., was on the brief for respondent.

Before EDWARDS, Circuit Judge, MacKINNON, Senior Circuit Judge, and CELEBREZZE,* Senior Circuit Judge, United

---

**12.** On remand, the district court should reconstruct the record, which appears to have been misplaced.

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (Supp. V 1981).

States Court of Appeals for the Sixth Circuit.

Opinion PER CURIAM.

PER CURIAM:

Garlock Equipment Co. ("Garlock") petitions for review and the National Labor Relations Board ("NLRB" or "Board") cross-petitions for enforcement of a Board order finding Garlock guilty of unfair labor practices under Sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), (1) (1976) (the "Act"). We vacate the Board's order and remand for further proceedings.

## I.

On May 15, 1980, the NLRB certified the Garlock Employees Committee ("GEC") as the bargaining representative of Garlock's hourly employees. The GEC commenced a strike against Garlock on June 2, after negotiations on a new collective bargaining agreement failed to bear fruit. Soon after the strike began, representatives of the International Association of Machinists ("IAM") met with GEC leaders to consider an arrangement whereby the GEC would formally affiliate with the IAM. Further discussions ensued, and a substantial majority of the GEC's members voted in favor of the proposed affiliation in an election on June 11.

On July 11, 1980, the Board, over Garlock's objections, granted petitions requesting an amendment of the GEC's certification to reflect formal affiliation with the IAM. The Board held no hearing, deciding to grant the petitions based solely upon findings in an ex parte administrative investigation. Garlock subsequently refused to bargain with or provide relevant bargaining information to the employees' bargaining representatives.

On September 8, 1980, the IAM filed unfair labor practice charges with the Board alleging that Garlock's refusals violated Sections 8(a)(5) and 8(a)(1) of the Act. A complaint issued on October 17, 1980, and a notice of hearing before an Administrative Law Judge was served on the parties. The Board's General Counsel thereafter moved for summary judgment, and on December 4, 1980, the matter was transferred to the Board and a Notice to Show Cause why summary judgment should not be granted was issued. Some twenty-one months later, on August 24, 1982, the Board granted the General Counsel's motion for summary judgment, finding, as charged, that Garlock's refusals to bargain and provide relevant bargaining information were violative of Sections 8(a)(5) and 8(a)(1) of the Act. These cross-petitions followed.

## II.

Garlock contends, inter alia, that the Board improperly resolved the charges on summary judgment. We agree. Garlock violated the Act by refusing to bargain and to provide relevant bargaining information only if the GEC's certification was lawfully amended to reflect formal affiliation with the IAM. The Board could have properly amended the GEC's certification, without a representation proceeding, only after determining—as a factual matter—that the GEC–IAM affiliation did not result in a fundamental change in the bargaining representative. See, e.g., J. Ray McDermott & Co. v. NLRB, 571 F.2d 850, 857 (5th Cir.), cert. denied, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978); NLRB v. Commercial Letter, Inc., 496 F.2d 35, 39 (8th Cir. 1974); Carpinteria Lemon Association v. NLRB, 240 F.2d 554, 557 (9th Cir.1956), cert. denied, 354 U.S. 909, 77 S.Ct. 1295, 1 L.Ed.2d 1427 (1957). If the Board holds no hearing in amending a certification, it may not summarily dispose of a continuity of representation question in subsequent unfair labor practice proceedings where the employer raises substantial factual issues material thereto. Cf. NLRB v. Winburn Tile Manufacturing Co., 663 F.2d 44, 45–46 (8th Cir.1981) (employer refused to bargain in order to challenge a union certification following a disputed representation elec-

tion).[1] Because Garlock convincingly points to several substantial, unresolved factual issues material to continuity of representation in this case, we vacate and remand for a hearing on that question.

We wish to emphasize that nothing in this opinion is intended to modify or diminish Garlock's obligation to recognize and bargain with the GEC during the pendency of the case on remand. During oral argument, Garlock's counsel properly acknowledged this point and also conceded that the GEC remains free to look to the IAM for guidance, support or even active consultation and participation by IAM representatives during any bargaining between the IAM and Garlock.[2]

For the foregoing reasons, the NLRB's order is

*vacated and remanded.*

1. Although *NLRB v. Winburn Tile Mfg. Co.* involved a challenge to a representation election (as opposed to a dispute over an amended certification), the principle cited there is perfectly applicable in the instant case.

2. "It is ... unlawful for a party to insist that negotiations cease until there is a change in the composition of the negotiating team which the other party has sent to the bargaining table." R. GORMAN, BASIC TEXT ON LABOR LAW 404 (1976). *See General Elec. Co. v. NLRB,* 412 F.2d 512, 520 (2d Cir.1969); *Standard Oil Co. v. NLRB,* 322 F.2d 40, 44 (6th Cir.1963).